IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, # 227826, | ) |
| a/k/a Robert Koon a/k/a Robert H. Koon, | ) C/A No.: 4:15-3357-DCN-TER |
| | ) |
| Plaintiff, | ) **REPORT AND RECOMMENDATION** |
| | ) |
| vs. | ) |
| | ) |
| Jean Hoefer Toal, Chief Judicial Officer of SC, | ) |
| Alan Wilson, Chief Legal Counsel of SC | ) |
| both in their official capacities, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Robert Holland Koon ("Plaintiff" or "Koon"), proceeding pro se and in forma pauperis, brings this civil action against Defendants. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, with prejudice and without issuance and service of process, for the reasons stated below.

**PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

1

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i),(ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint may be subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff, who is currently incarcerated at Lieber Correctional Institution of the South Carolina Department of Corrections, appears to file the instant action pursuant to 28 U.S.C. 2201. See. Doc. # 1. Plaintiff has named the following as Defendants: Chief Justice Jean Toal, and S.C. Attorney General Alan Wilson, both in their official capacity. In his complaint Plaintiff outlines a portion of the procedural history following his 1986 guilty plea in state court, which apparently includes, inter alia, some four PCR actions and related appeals. Plaintiff appears to allege that his

1986 guilty plea was invalid, in light of Boykin v. Alabama, wherein the the Supreme Court held that in order to be valid, a guilty plea must be entered voluntarily and intelligently. Boykin, 395 U.S. at 242–43. Plaintiff indicates that he believes he is entitled to a "full and fair hearing" to address "unresolved federal questions" related to his 1986 and 1998 state court convictions, including the validity of his 1986 guilty plea. Plaintiff also alleges that he has discovered that members of the jury which convicted him in 1998 are of the same masonic order as a witness and the judge in his case. Finally, Plaintiff indicates that his life sentence based on SC Code Ann § 17-25-45 violates the double jeopardy clause of the U.S. Constitution. Plaintiff asks this court to declare he has a legal right to "a full and fair hearing," on the issues outlined above. (Doc. # 1). Essentially, as he alleged in previous cases, it appears that Plaintiff is dissatisfied with the investigation, prosecution, and outcome of past state court criminal cases and he seeks to have this Court issue a declaratory judgement that he is entitled to a hearing which he believes should be instituted by the delineated defendants. See generally, Doc. # 1; see also C.A. No. 4:15-cv-2107-DCN. [1]

## ANALYSIS

Plaintiff states on the first page of his Complaint that the instant action is a "DECLARATORY JUDGMENT ACTION," and in the "Relief" section of his Complaint, Plaintiff seeks to have this court declare that he has a right to the "full and fair hearing" he has envisioned.

---

[1] This Court takes judicial notice of materials in court records from Plaintiff's prior court proceedings. See Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir.1949); see Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records); see also In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue);

(Doc. # 1 at 16). As noted above, Plaintiff has sued a state Supreme Court Justice as well as the SC Attorney General.[2] It appears that Plaintiff seeks declaratory relief based on past actions of the Defendants. The Court notes, however, that while declaratory relief may be available in some instances, this is not such a situation. "'A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act.'" Abebe v. Seymour, No. 3:12-377-JFA-KDW, 2012 WL 1130667, at *3 (D.S.C. Apr. 4, 2012) (quoting Lawrence v. Kuenhold, 271 F.App'x 763, 766 (10th Cir. 2008)) (internal quotation marks omitted) (emphasis added). In other words, "'[d]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation,' and are untimely if the questionable conduct has already occurred or damages have already accrued." Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 695 (E.D. Va. 2010) (quoting The Hipage Co., Inc. v. Access2Go, Inc., 589 F. Supp. 2d 602, 615 (E.D. Va. 2008)). Although Plaintiff argues that he is proceeding under the Federal Declaratory Judgment Act, see 28 U..C. § 2201, and Plaintiff is adamant his complaint does not seek relief for past wrongs, but only a declaration of legal rights in regards to future conduct,[3] this position is disingenuous. Plaintiff's Complaint does not anticipate future conduct.

---

[2] To the extent that Plaintiff may seek monetary damages against these Defendants, such claims would be barred by various immunity doctrines (judicial, 11 th Amendment, and sovereign). See Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." (citations omitted)); Cokley v. South Carolina Dept. of Probation, Parole & Pardon Services 2013 WL 315274, 2 (D.S.C.) (D.S.C.,2013) ("The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state); Vance v. U.S. 2012 WL 630217 (D.S.C.2012) (a claim against a federal employee in his or her official capacity is tantamount to a suit against the Government, and sovereign immunity bars such an action).

[3] Even assuming for the sake of argument that Plaintiff seeks a declaration concerning matters which may occur in the future, clearly, this Court should not issue an advisory opinion

Rather, it seeks a remedy for alleged wrongs that occurred during his previous litigation before the state courts.

Generally speaking, courts have held that the doctrine of judicial immunity does not bar §1983 suits seeking declaratory judgment. <u>Guillion v. Cade</u>, 449 F. App'x 340, 341 (5th Cir.2011); <u>Johnson v. McCuskey</u>, 72 F. App'x 475, 477 (7th Cir. 2003); <u>Bolin v. Story</u>, 225 F.3d1234, 1242 (11th Cir. 2000); <u>see also Allen v. Burke</u>, 690 F.2d 376, 378 (4th Cir. 1982)(holding, <u>pre- Pulliam v. Allen</u>, 466 U.S. 522 (1984), that "judicial immunity does not extend to injunctive and declaratory relief under 42 U.S.C. [§ ] 1983"). However, although Plaintiff states that he seeks declaratory relief, what Plaintiff actually seeks is injunctive relief. (See Dkt. No. 1 at 16.). There is little distinction between Plaintiff's previous request (in 4:15-cv-2107-DCN-TER) to have this Court order that a "full and fair hearing" be conducted on Plaintiff's behalf, and his current request to have this court "declare" his legal rights to above hearing and legal obligation of defendants to provide said hearing."  Such a request is akin to a request for injunctive relief, not declaratory relief. <u>See</u> <u>e.g.</u> <u>Ulstein Maritime, Ltd. v. United States</u>, 833 F.2d1052, 1055 (1st Cir. 1987) ("Injunctions and declaratory judgments are different remedies. An injunction is a coercive order by a court directing a party to do or refrain from doing something, and applies to future actions. A declaratory judgment states the existing rights in a controversy, but does not, in itself, coerce any party or enjoin any future action."); <u>Olagues v. Russoniello</u>, 770 F.2d 791, 803 (9th Cir.1985) (recognizing the "considerable difference between *ordering* a government official to conduct his activities in a certain manner, and simply *pronouncing* that his conduct is unlawful and *should* be corrected"); see also 12 JAMES MOORE, MOORE'S FEDERAL PRACTICE § 57.07 (2000) ("Declaratory and injunctive relief have

---

concerning any of those matters because binding legal precedent prohibits this Court from doing so.

may attributes in common . . . . Although the result may be similar in both types of actions because each involves a court determination regarding the propriety of a particular course of action, declaratory relief involves a lesser showing than injunctive relief, and does not contain the coercive element of an injunction.").

    42 U.S.C. § 1984 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id. (emphasis added). Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, Plaintiff's claim for injunctive relief against Defendant Justice Toal is statutorily barred. Catanzaro v. Cottone, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); Esensoy v. McMillan, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31 ,2007). Because Plaintiff seeks injunctive relief in the case *sub judice*, and the doctrines of judicial immunity (based on 42 U.S.C. Section 1984) bar Plaintiff's claim against Defendant Justice Toal ,the undersigned recommends dismissing her from the instant action without prejudice and without issuance and service of process. See Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006);Lawrence v. Kuenhold, 271 F. App'x 763, 766 n.6 (10th Cir. 2008); see also DonatoMalave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013) (noting that the precedent established by Pulliam v. Allen, 466 U.S. 522 (1984), was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847, which amended §1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was

unavailable'" (citation omitted)).

Likewise, with regard to Defendant Attorney General Wilson, Plaintiff's claims also fail. The Attorney General is entitled to prosecutorial immunity from liability for damages for activities intimately associated with the judicial phase of the criminal process. See Williams v. Condon, 553 S.E.2d 496, 509 (S.C. Ct. App. 2001). Prosecutorial immunity, however, does not protect prosecutors from suits seeking declaratory or injunctive relief. See Supreme Court of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 736–37 (1980) (citation omitted). However, claims for injunctive or declaratory relief that challenge the validity of a conviction or sentence are not cognizable in a civil rights case. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (finding that a prisoner has no cognizable claim under 42 U.S.C. § 1983 if a favorable result would question the validity of a conviction or sentence, unless the prisoner can demonstrate the conviction or sentence has been invalidated);[4] see also Crump v. Morton–Smith, No. 3:10–cv–00788, 2010 WL 4719383, at *5 (S.D.W. Va. Oct. 19, 2010) ("Voiding the plea agreement would in essence reverse Plaintiff' conviction. Plaintiff cannot seek a reversal of his conviction through a civil rights action."). Here, Plaintiff's allegations regarding the Defendant Attorney General Wilson all appear to relate to the investigation, prosecution and disposition of Plaintiff's underlying criminal cases. See Doc. # 1. Accordingly, his claims against this Defendant fails in light of Heck. Furthermore, as noted above, Plaintiff may not seek declaratory judgment regarding any alleged past violation of federal law. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996) (holding that a plaintiff may bring suit "'against a state official when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law'" (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)) (emphasis added)).

---

[4]Claims against both Defendants would be subject to the dictates of Heck.

Additionally, this action should also be summarily dismissed because the gravamen of the plaintiff's action appears to be that he is challenging his state incarceration. The plaintiff cannot bring a declaratory judgment action to circumvent the habeas statutory requirements; accordingly, this action fails to state a claim upon which relief may be granted. See Calderon v. Ashmus, 523 U.S. 740, 746, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) (noting that "we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code") (citing Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). See also Martin v. Swenson, 335 F.Supp. 765 (W.D.Mo.1971).

The undersigned recommends a "strike" be given to the plaintiff pursuant to 28 U.S.C. § 1915(g). The Fourth Circuit has set forth the standard for determining which cases are subject to the "three-strikes" rule. Under McLean v. U.S., 566 F.3d 391 (4th Cir. 2009), a "strike" may be "thrown" after review of the case if it is frivolous, or if it fails to state a claim upon which relief may be granted. The latter finding must be with prejudice. Thus, pursuant to McLean, "[a] potentially meritorious but inartfully pleaded claim by a prisoner that is dismissed without prejudice for failure to state a claim is wholly distinct from a claim that is dismissed as frivolous, malicious, or substantively meritless. The former claim might be revived by competent pleading, but the latter cannot." McLean, 566 F.3d at 397. The plaintiff has filed multiple previous actions in this District Court, at least one of which is against the same defendants raising essentially identical issues. See Koon v. United States, C/A No. 4:15-2107-DCN. That case was summarily dismissed without prejudice. Because the instant action is largely a duplicate filing, it should be summarily dismissed as frivolous and a strike should be entered pursuant to 28 U.S.C. § 1915(g). See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.

Once was sufficient."); see also 28 U.S.C. §§ 1915A, 1915(g); <u>McLean v. United States</u>, 566 F.3d 391, 397-400 (4th Cir. 2009).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case <u>with prejudice</u>. Since the Complaint filed in this case is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, it is also recommended that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). <u>See McLean v. United States,</u> 566 F.3d 391 (4th Cir. 2009).

Plaintiff's attention is directed to the important notice on the following page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 30, 2015  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).